Commonwealth ex rel. Rishell, Appellant, *v.* Russell.

Submitted March 21, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*John Robert Rishell,* appellant, in propria persona.

*Ervin S. Fennell, Jr.,* Assistant District Attorney, and *John K. Reilly, Jr.,* District Attorney, for appellee.

OPINION BY HOFFMAN, J., April 26, 1966:

This is an appeal from an order of the lower court dismissing appellant's petition for writ of habeas corpus without a hearing.

Appellant, without the assistance of counsel, pleaded guilty to burglary and larceny. In his petition for writ of habeas corpus he alleges that his constitutional rights were violated in that he was refused counsel during the police interrogation, at a preliminary hearing and during and after sentencing. He further alleges that he asked the court for a continuance so that he might contact counsel of his own choice.

The Commonwealth contends that it was the policy of the trial judge to supply counsel for indigent defendants whenever request for such was made. It fur-

ther contends that it was the standard procedure of the County Detective to advise prisoners of their right to counsel.

It is impossible to determine from the present record if appellant was advised of his constitutional right to counsel and if he intelligently and understandingly waived this right before entering his guilty plea.

The order of the Court of Common Pleas of Clearfield County is vacated and the record is remanded to that court with directions to hold a hearing on the petition.

ERVIN, P. J., would affirm the order of the court below because the record shows that the appellant signed a written waiver of counsel.